IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BRANDON FAVOR, #G60488,<br><br>        Plaintiff,<br><br>    v.<br><br>PAUL ROGER HEYMAN, *et al.*,<br><br>        Defendants. | CIV. NO. 23-00622 LEK-RT<br><br>ORDER REOPENING CASE AND ORDER TO SHOW CAUSE |

### ORDER REOPENING CASE AND ORDER TO SHOW CAUSE

Before the Court is an Application to Proceed In Forma Pauperis by a Prisoner ("IFP Application") filed by pro se Plaintiff Brandon Favor ("Favor").[1] ECF No. 5. For the following reasons, the Clerk is DIRECTED to reopen this case, and Favor is ORDERED to show good cause in writing on or before **March 12, 2024**, why he is entitled to proceed without prepayment of the full $405.00 filing and administrative fee.

---

[1] Favor is currently incarcerated at the California Correctional Institution in Tehachapi, California. *See* ECF No. 1 at PageID.1; *see also* VINE, https://vinelink.vineapps.com/search/CA/Person (select "Name," enter "Brandon" in "First Name" field and "Favor" in "Last Name" field, and select "Search") (last visited Feb. 13, 2024).

# I. <u>ORDER REOPENING CASE</u>

On December 27, 2023, the Court mailed to Favor a Deficiency Order. ECF No. 2. In that Order, the Court instructed Favor either to pay the fees associated with this action or to submit a complete in forma pauperis application on or before January 23, 2024. *Id.* at PageID.12. The Court warned Favor that failing to follow this instruction would result in automatic dismissal of this action without prejudice. *Id.* at PageID.12–PageID.13. The Court did not receive either the required fees or an in forma pauperis application by the January 23, 2024 deadline, so it dismissed this action on February 6, 2024.[2] ECF No. 3.

The Court received Favor's IFP Application on February 12, 2024. ECF No. 5. Although the reason for the delay is unclear, the mailing envelope includes a postmark date of January 18, 2024—that is, five days prior to the January 23, 2024 deadline set by the Court. The Clerk is therefore DIRECTED to reopen this case.

# II. <u>ORDER TO SHOW CAUSE</u>

A prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a

---

[2] In the Entering Order dismissing this action, the Court mistakenly stated that the deadline was January 22, 2024. ECF No. 3.

2

claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  Section 1915(g) requires that this court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment.  *Tierney v. Kupers*, 128 F.3d 1310, 1311–12 (9th Cir. 1997).

For purposes of a dismissal that may be counted under Section 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'"  *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citations omitted).

*Andrews* requires that the prisoner be given notice of the potential applicability of Section 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that Section 1915(g) does not bar him from qualifying for IFP status.  *Id.*  *Andrews* implicitly allows the court to raise *sua sponte* the Section 1915(g) issue but requires the court to notify the prisoner of the earlier dismissals it considers to support a Section 1915(g) dismissal and to allow the prisoner an opportunity to be heard on the matter before dismissing the action.  *See id.* at 1120; *see also Pauline v. Seabright*, 2015 WL 1499661, at *2 (D. Haw. Mar. 31, 2015) ("The district court may dismiss

*sua sponte* an action that is barred by § 1915(g), after notifying the prisoner of the strikes it considers to support such a dismissal, and affording the prisoner an opportunity to be heard regarding his strikes before dismissal.").

While Favor was incarcerated or detained in a facility, he filed at least three actions that were ultimately dismissed because they were frivolous, malicious, or failed to state a claim upon which relief could be granted.  *See* Order Re Request to Proceed Without Prepayment of Filing Fees, *Favor v. Fair*, No. 2:15-cv-05834-JGB-JEM (C.D. Cal. Aug. 10, 2015), ECF No. 4; Order Re Request to Proceed Without Prepayment of Filing Fees, *Favor v. Los Angeles Superior Court*, No. 2:15-cv-05842-JGB-JEM (C.D. Cal. Aug. 10, 2015), ECF No. 4; Order Re Request to Proceed Without Prepayment of Filing Fees, *Favor v. Slavemasters*, No. 2:15-cv-05840-JGB-JEM (C.D. Cal. Aug. 10, 2015), ECF No. 4; Order Re Request to Proceed Without Prepayment of Filing Fees, *Favor v. Slaveowners*, No. 2:15-cv-05839-JGB-JEM (C.D. Cal. Aug. 10, 2015), ECF No. 4.  Courts have repeatedly reminded Favor of this fact.  *See* Order Denying Motion to Proceed In Forma Pauperis as Barred by 28 U.S.C. § 1915(g); *Favor v. Mae*, No. 3:20-cv-00396-BAS-LL (S.D. Cal. Apr. 22, 2020), ECF No. 5; Order Denying Motion to Proceed In Forma Pauperis as Barred by 28 U.S.C. § 1915(g), *Favor v. Calipatria State Prison*, No. 3:15-cv-01626-AJB-JLB (S.D. Cal. Dec. 28, 2015), ECF No. 11; Order Denying Motion to Proceed In Forma Pauperis as Barred by 28 U.S.C.

§ 1915(g), *Favor v. Richard J Donovan Correctional Facility*, No. 3:15-cv-01547-AJB-DHB (S.D. Cal. Oct. 21, 2015), ECF No. 7.

Because none of these dismissals have been overturned on appeal, Favor has accrued three "strikes" under Section 1915(g). *See Coleman v. Tollefson*, 575 U.S. 532, 537 (2015) ("A prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal."). As a result, Favor may not proceed without concurrent payment of the civil filing fee in this action unless his pleading plausibly alleges that he was in imminent danger of serious physical injury based on the defendants' actions when he filed suit.

"[T]he availability of the ["imminent danger"] exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). The exception only applies "if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.* at 1055; *Williams v. Paramo*, 775 F.3d 1182, 1189 (9th Cir. 2015). "Imminent" refers to those events "'ready to take place'" or "'hanging threateningly over one's head.'" *Andrews*, 493 F.3d at 1056. Thus, a prisoner seeking to fall within the exception must plausibly allege an "ongoing danger." *Id.* "[A] prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard and meet

5

the imminence prong of the three-strikes exception." *Id.* at 1056–57; *Williams*, 775 F.3d at 1189.

The Ninth Circuit has also held that "the imminent danger exception to § 1915(g) requires a nexus between the alleged imminent danger and a prisoner's complaint." *Ray v. Lara*, 31 F.4th 692, 695 (9th Cir. 2022). "Thus, in order to qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." *Id.* at 701.

Favor's Complaint, which is largely indecipherable, appears to be based on events from the professional wrestling television program "Friday Night SmackDown." *See* ECF No. 1 at PageID.5; *see also id.* at PageID.1–PageID.2 (naming various employees of World Wrestling Entertainment, Inc.). Nothing in the Complaint suggests that Favor faced an imminent danger of serious physical injury when he filed this lawsuit. Nor has Favor alleged a nexus between any such danger and the claims in his Complaint. Favor is therefore ORDERED to show cause in writing why he is entitled to proceed without prepayment of the full $405.00 fee.

### III. CONCLUSION

1. The Clerk is DIRECTED to reopen this case.

2. Favor is ORDERED to show cause in writing on or before **March 12, 2024**, why he is entitled to proceed without prepayment of the full $405.00 fee. Failure to do so will result in dismissal of this action without further notice.

IT IS SO ORDERED.

DATED: February 13, 2024, at Honolulu, Hawaii.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**BRANDON FAVOR VS. PAUL ROGER HEYMAN, ET AL.; CV 23-00622 LEK-RT; ORDER REOPENING CASE AND ORDER TO SHOW CAUSE**